_____

No. 96-1278
_____

Jerry L. Hansen,                    *
                                    *
          Appellee,                 *
                                    *
     v.                             *
                                    *  Appeal from the United States
Judy Rimel, R.N.,                   *  District Court for the
                                    *  District of Nebraska.
          Defendant,                *
                                    *
John Dahm,                          *
                                    *
          Appellant.                *

_____

Submitted:  September 9, 1996

Filed:  January 7, 1997
_____

Before McMILLIAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

MAGILL, Circuit Judge.


     Jerry Hansen, an inmate at the Omaha Correctional Center (OCC) in Nebraska, brought suit under 42 U.S.C. § 1983 against John J. Dahm in his official capacity as warden of the OCC.  Hansen, who has a hearing impairment, claimed that OCC's failure to provide a special telephone adapted for his disability constituted a violation of his right to equal protection because he did not have the same access to telephones as inmates who do not have hearing

impairments.[1]  Dahm moved for summary judgment on the basis of qualified immunity, which was denied by the district court as to the equal protection claim.[2]  This appeal followed.

Dahm is entitled to qualified immunity from Hansen's equal protection claim if Dahm can prove this his "conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Dahm could only have violated Hansen's right to equal protection if he treated Hansen dissimilarly than similarly situated inmates.  See Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994), cert. denied, 115 S. Ct. 1177 (1995).[3]  Thus, the issue in dispute is whether Hansen is similarly situated to inmates who do not have hearing impairments.

In determining whether a disabled inmate is similarly situated to nondisabled inmates, this Court has examined whether the disabled plaintiff is equally capable for the purpose at issue.  See More v. Farrier, 984 F.2d 269, 271 (8th Cir.) (inmates in wheelchairs are equally capable, and thus similarly situated, to nondisabled inmates for the purpose of watching television), cert.

---

[1]Hansen had been provided with an adapted telephone in September 1994, but requested a superior adapted telephone in June 1995.

[2]Hansen's § 1983 suit also alleged violations of the Eighth Amendment, the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794(a), and the Americans with Disabilities Act, codified at 42 U.S.C. §§ 12101-12213.  The district court granted Dahm's motion for summary judgment for these claims, see Mem. and Order at 14-15. This decision is not before us.

[3]Although protected by statutory enactments such as the Americans with Disabilities Act, the disabled do not constitute a "suspect class" for purposes of equal protection analysis.  See, e.g., Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 442 (1985) (mentally retarded not a constitutionally protected suspect class); More v. Farrier, 984 F.2d 269, 271 (8th Cir.), cert. denied, 510 U.S. 819 (1993) (physically disabled not suspect class).

<u>denied</u>, 510 U.S. 819 (1993). Hansen, who is hearing impaired, is not equally capable of accessing a standard telephone--which transmits the spoken word at a tone and volume comfortable for a nonhearing impaired individual--as an inmate who can hear. Indeed, that Hansen is not capable of using a standard telephone is the crux of his entire complaint. Accordingly, Hansen is not similarly situated to hearing inmates for the purpose of using a telephone.

Because Hansen was not similarly situated to other inmates for the purpose of using a telephone, there could have been no equal protection violation. The district court erred as a matter of law in denying Dahm a grant of summary judgment based on qualified immunity, and we accordingly reverse its judgment.

A true copy.

Attest

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.