# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1901

_____

| | | |
|---|---|---|
| Robert M. Jordan, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Dodge County Sheriff's Department; | * | Appeal from the United States |
| | * | District Court for the District |
| Defendant, | * | of Nebraska. |
| | * | |
| Dan Weddle, Individually and in his | * | [UNPUBLISHED] |
| capacity as Sheriff of Dodge County, | * | |
| Nebraska, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: January 13, 2000

Filed: January 21, 2000
_____

Before BOWMAN, FAGG, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Robert M. Jordan was terminated from his job as a Dodge County, Nebraska deputy sheriff after an on-the-job injury left him with permanent physical limitations that rendered him unable to make forcible arrests and unable to lift and carry people in

need or passively resisting demonstrators. Jordan sued Dodge County Sheriff Dan Weddle in his individual capacity under 42 U.S.C. § 1983, claiming Weddle violated Jordan's equal protection rights by terminating Jordan because of his disabilities. Weddle moved for summary judgment based on qualified immunity and appeals the denial of that motion. We reverse.

Weddle is entitled to qualified immunity if he did not violate Jordan's constitutional right to equal protection. Jordan is not similarly situated to other officers because he has not shown that any other Dodge County officer has been permitted to continue working with physical limitations and permanent medical restrictions like Jordan's. Because Jordan is not similarly situated to other officers, no equal protection violation could have occurred and a reasonable officer in Weddle's place could not have known equal protection would be offended if Jordan were terminated. See Hansen v. Rimel, 104 F.3d 189, 190 (8th Cir. 1997). We thus reverse the district court's denial of Weddle's motion for summary judgment on the ground of qualified immunity.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-